

ORDERED in the Southern District of Florida on January 24, 2018.

Paul G. Hyman, Jr., Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
www.flsb.uscourts.gov

IN RE:

JOSEPH ANDRE JEAN,                                  Case No:    13-38523-PGH

    Debtor.                                              Chapter 11
_____/

**AGREED ORDER GRANTING MOTION TO VALUE PURSUANT TO 11 U.S.C. §506(a)
AND TO BIFURCATE PURSUANT TO 11 U.S.C. §506(d)
RE: 141 SE 13TH AVE, BOYNTON BEACH, FLORIDA [DE#111]**

THIS MATTER came before the Court for hearing on September 23, 2014 at 9:30 AM upon the Debtor's *Motion to Value Pursuant to 11 U.S.C. §506(a) and to Bifurcate Pursuant to 11 U.S.C. §506(d) Re: 141 SE 13th Ave, Boynton Beach, Florida* [DE#111], and the Court finding the parties have been properly noticed, having been advised that the parties are in agreement, and being otherwise fully advised in the premises, does hereby

ORDER as follows:

1.     The Motion is GRANTED.

2.     The property located at 141 SE 13th Ave, Boynton Beach, Florida is valued

at $147,000.00. This property is more fully described as follows:

> **Lot 21, less the West 35 feet thereof and all of Lot 22, CENTRAL PARK ANNEX, according to the plat recorded in Plat Book 12, Page 51, as recorded in the Public Records of Palm Beach County Florida; said land situated, lying and being in Palm Beach County Florida.**

3. Wells Fargo Bank, N.A. filed a Proof of Claim in the amount of $199,777.68 (Claim #4-1).

4. The allowed secured claim of Wells Fargo Bank, N.A. is $147,000.00. The balance of Wells Fargo Bank, N.A., and its successors and/or assigns, claim shall be treated as an allowed general unsecured claim.

5. The Debtor shall pay to Wells Fargo Bank, N.A. its secured claim amount of $147,000.00 at a fixed interest rate of 6% amortized over thirty (30) years beginning on the effective date of the Debtor's confirmed plan.

6. The Debtor shall be responsible for paying and maintaining his own property insurance in accordance with the terms of the Note and Mortgage. The property taxes shall be escrowed in accordance with the terms of the Note and Mortgage.

7. Wells Fargo Bank, N.A. has made post-petition escrow disbursements and shall provide an exact figure in connection to such advancements prior to the confirmation hearing of the Debtor's Chapter 11 Plan. Debtor shall reimburse Wells Fargo Bank, N.A. for such post-petition escrow disbursements, at the rate of 0% over 60 months from the Effective Date of any Chapter 11 Plan, in equal monthly payments.

8. Wells Fargo Bank, N.A. agrees to vote in favor of the plan of the Debtor so long as the terms contained above are the same and so long as there are no unusual terms added to the plan and disclosure statement that would affect the payment terms set forth herein.

9.     Upon confirmation of the Debtor's Chapter 11 Plan, Wells Fargo Bank, N.A. shall have *in rem* relief in order to address payment and processing of the claim directly with the Debtor.   In the event the Debtor defaults, or is otherwise incapable of fulfilling the obligations of the Agreed Order/Plan Treatment, the Bank shall have *in rem* relief to pursue available remedies, without having further notice, hearing or order from the Bankruptcy Court

10.    The Court retains jurisdiction over this matter to enter such other and further relief as in necessary to enforce this Order.

**###**

Submitted by:
David Lloyd Merrill, Esq. for the Debtor

*David Lloyd Merrill, Esq. is directed to furnish a conformed copy of this order to all appropriate parties immediately upon receipt of same and to file a certificate of service with the court.*